**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| HOWARD RICE, | ) | |
| | ) | |
| *Plaintiff*, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | Case No: 16-1053 |
| | ) | |
| THE KANSAS CITY BOARD OF POLICE | ) | **JURY TRIAL DEMANDED** |
| COMMISSIONERS, | ) | |
| Comprised of its members as follows: | ) | |
| | ) | |
| ANGELA WASSON-HUNT, | ) | |
| Member | ) | |
| (In her official capacity) | ) | |
| Serve at: | ) | |
| 1125 Locust | ) | |
| Kansas City, MO 64106, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| ALVIN BROOKS, | ) | |
| Member | ) | |
| (In his official capacity) | ) | |
| Serve at: | ) | |
| 1125 Locust | ) | |
| Kansas City, MO 64106, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| MICHAEL RADER, | ) | |
| Member | ) | |
| (In his official capacity) | ) | |
| Serve at: | ) | |
| 1125 Locust | ) | |
| Kansas City, MO 64106, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| SLY JAMES, | ) | |
| Member | ) | |
| (In his official capacity) | ) | |
| Serve at: | ) | |
| 1125 Locust | ) | |

1

Kansas City, MO 64106,                    )
                                          )
and,                                      )
                                          )
LELAND SHURIN,                            )
Member                                    )
(In his official capacity)                )
Serve at:                                 )
1125 Locust                               )
Kansas City, MO 64106,                    )
                                          )
and,                                      )
                                          )
DAVID KENNER,                             )
Member                                    )
(In his official capacity)                )
Serve at:                                 )
1125 Locust                               )
Kansas City, MO 64106,                    )
                                          )
and,                                      )
                                          )
Detention Unit Officer Gabriel Okeke,     )
 (in his official and individual capacity) )
Serve at:                                 )
1125 Locust                               )
Kansas City, MO 64106,                    )
                                          )
and,                                      )
                                          )
Detention Unit Officer Ashley Grigsby     )
(in her official and individual capacity) )
Serve at:                                 )
1125 Locust                               )
Kansas City, MO 64106,                    )
                                          )
and,                                      )
                                          )
Detention Unit Officer Worth              )
(in his official and individual capacity) )
Serve at:                                 )
1125 Locust                               )
Kansas City, MO 64106                     )
                                          )
                    *Defendants.*         )

## COMPLAINT

Plaintiff, Howard Rice, by and through his attorneys of record, states as follows for his Complaint against the named Defendants above:

## INTRODUCTION

1.      This is a civil rights lawsuit brought by Howard Rice, a victim of law enforcement brutality.  This cause of action arises out of Defendants' deprivation of Plaintiff's federal and state constitutional and statutory rights.   Plaintiff seeks recover under federal statute and Missouri common law because, among other things, Defendants deprived him of guaranteed rights while acting under color of law.

2.      The specific causes of action brought are:

  a.  Violation of 42 U.S.C. § 1983;

  b.  Violation of the Fourth Amendment of the United States Constitution;

  c.  Violation of the Eighth Amendment of the United States Constitution;

  d.  Battery;

  e.  Assault

  f.  Negligent Infliction of Emotional Distress;

  g.  Intentional Infliction of Emotional Distress; and

  h.  Punitive Damages.

## JURISDICTION

3.      Jurisdiction is proper in this Court under the Fourth and Fourteenth Amendments to the United States Constitution; 42 USC §1983 and 1988; and 28 USC §1331 and 1343.

4.      This Court further has jurisdiction to hear and grant:

a. Plaintiff's prayer for relief on his substantive federal civil rights claim, pursuant to 42 USC §1983, and others;

b. Plaintiff's prayer for an award of the cost of litigation, pursuant to 42 USC §1988(b), and others;

c. Venue is appropriate within this judicial district, pursuant to 28 USC §1391(b)(1)(2) and Section 508.010, RSMo, *et seq.*, because, among other things, Defendants and Plaintiff reside in this judicial district and a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

d. Supplemental jurisdiction of this Court is invoked, with respect to the common law state claims, pursuant to 28 USC §1367(a), on the grounds that they arise from a common nucleus of operative facts that fall within the Court's original jurisdiction.

## PARTIES

5. Plaintiff, Howard Rice, is a resident of Kansas City, Jackson County, Missouri. Plaintiff resides within the Western District of Missouri, Western Division.

6. Upon information and belief, the individual Members of the Board of Police Commissioners are charged with responsibility for the Kansas City, Missouri Police Department and employ Detention Unit Officers (sometimes "DFO") Okeke, Grigsby, and Worth. The individual Members of the Board of Police Commissioners are located within the Western District of Missouri, Western Division and may be served at the addresses above. From this point, the individual Members of the Board of Police Commissioners will be collectively referred to as the "Board".

7. Upon information and belief, Defendant DFO Gabriel Okeke is a resident of Jackson County, Missouri (within the Western District of Missouri, Western Division) and is

4

subject to this Court's jurisdiction. He is sued both in his individual and official capacities and may be served at the address above.

8. Upon information and belief, Defendant DFO Ashley Grigsby is a resident of Jackson County, Missouri (within the Western District of Missouri, Western Division) and is subject to this Court's jurisdiction. She is sued both in her individual and official capacities and may be served at the address above.

9. Upon information and belief, Defendant DFO Worth is a resident of Jackson County, Missouri (within the Western District of Missouri, Western Division) and is subject to this Court's jurisdiction. He asked Plaintiff for Plaintiff's deoxyribonucleic acid ("DNA") and is seen on the surveillance video speaking with Plaintiff immediately before Plaintiff is handcuffed and making gestures toward Plaintiff. He is sued both in his individual and official capacities and may be served at the address above.

10. Upon information and belief, during all relevant times, the Board, via its agents, servants, and/or employees, supervised, managed, and controlled members of the Kansas City Missouri Police Department, including the members of the Detention Unit.

## CONSTITUTIONAL/STATUTORY STANDARDS

11. The Fourteenth Amendment to the United States Constitution states:

> All persons born . . . in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within this jurisdiction equal protection of laws.

12. 42 USC §1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state…subjects or causes to be subjected, any citizen of the United States…within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

5

Constitution and laws, shall be liable to the party injured in any action at law . . .

13. The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

14. The Eighth Amendment to the United States Constitution states:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

## BASIS OF THE BOARD'S LIABILITY

15. The Board's violative policies, customs and practices, and deliberate indifference to Howard Rice's rights, in the retention, training, discipline and supervision of law enforcement officers, particularly the Defendant officers named herein, and/or other employees of the Board caused or contributed to cause or were a moving force behind the violation of Howard Rice's constitutional rights.

16. All of the acts or omissions of the Defendant officers named herein, other Board members, took place under color of state law pursuant to, acting upon and in concert with the policies, practices, procedures, patterns, decisions, instructions, orders, and customs of the Board and its members. The Board and its members are liable for damages caused by their respective employees and officers' intentional, wrongful, reckless and negligent acts, errors and/or omissions while the employees and officers were acting under color of state law and while they were acting within the course and scope of their employment with the Board and its members. All of these acts, errors and/or omissions took place under circumstances where the Board and its members, as well as the Defendant officers named herein are liable as governmental entities, employees and

6

sworn law enforcement officers in the State of Missouri. The Board's liability is based upon allegations including but not limited to the following things, all of which demonstrate patterns of behavior and deliberate indifference to the issues raised in this Complaint and to the rights of citizens, all of which led to, or were a moving force in contributing to, the deprivations of rights secured by the federal and state constitutions as well as federal and state laws:

    a. Violation and deprivation of constitutional rights as set out in this Complaint;

    b. Inadequate training and instruction of employees on the proper use of police power, proper seizure, proper searches, use of force, and investigation of citizens of the State of Missouri;

    c. Inadequate supervision of employees as to the proper use of police power, proper seizure, proper searches, use of force, and investigation of citizens of the state of Missouri;

    d. Inadequate discipline of employees as to the proper use of police power, proper seizure, proper searches, use of force, and investigation of citizens of the state of Missouri;

    e. Inadequate supervision, training, and retention with resulting poor personnel decisions as to employees regarding the proper use of police power, proper seizure, proper searches, use of force, and investigation of citizens of the state of Missouri;

    f. Abuse of police power on citizens of the United States of America;

    g. Acquiescence in and notice of the actions and omissions described throughout this Complaint;

    h. Failure to take remedial action against a known pattern of misconduct by law enforcement officers, both remedial action as to the law enforcement officers and remedial action as to the underlying criminal case in which the misconduct has occurred;

    i. Failure to take significant steps to prevent a known risk of an improper search;

    j. Taking aggressive law enforcement actions without first having met the standard required by Missouri statutes;

k. Tolerance of misconduct of law enforcement officers and failing to follow up and properly and thoroughly investigate misconduct of law enforcement officers resulting in the unreasonable seizure, wrongful use of force on the citizens of the state of Missouri;

l. Deliberate indifference to, and conscious disregard of, a high risk that law enforcement officers would improperly use more force than is required and improperly use force in violation of Howard Rice's protected rights;

m. Inadequate training and instruction of employees charged with the implementation, compliance, and adherence to the statutes of the State Missouri, including but not limited to RSMO 650.050, 650.052, 650.055, and 650.057;

n. Inadequate supervision of employees charged with the implementation, compliance, and adherence to the statutes of the State Missouri, including but not limited to RSMO 650.050, 650.052, 650.055, and 650.057;

o. Inadequate discipline of employees charged with the implementation, compliance, and adherence to the statutes of the State Missouri, including but not limited to RSMO 650.050, 650.052, 650.055, and 650.057;

p. Inadequate supervision, training, and retention with resulting poor personnel decisions as to employees charged with the implementation, compliance, and adherence to the statutes of the State Missouri, including but not limited to RSMO 650.050, 650.052, 650.055, and 650.057;

q. Inadequate training and instruction of employees charged with the supervision, observation and care of detainees and suspects, like Howard Rice, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States;

r. Inadequate supervision of employees charged with the supervision, observation and care of detainees and suspects, like Howard Rice, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States;

s. Inadequate discipline of employees charged with the supervision, observation and care of detainees and suspects, like Howard Rice, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual

8

punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States; and

t.  Inadequate supervision, training, and retention with resulting poor personnel decisions as to employees charged with the supervision, observation and care of detainees and suspects, like Howard Rice, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States.

17.     These actions, omissions, policies, practices, procedures, patterns, decisions, orders, and customs of Board were the cause, were the contributing cause and/or were the moving force behind the constitutional and other violations described in this Complaint. These things are established, at least in part, by proof of knowledge of, acquiescence in, or ratification of all of wrongful conduct noted herein.

18.     Defendant Board acted in concert, were joint tortfeasors and are jointly and severally liable to Plaintiff.

19.     The conduct alleged in this Complaint violated clearly established federal- and state protected rights of which every reasonably competent and prudent official in Defendants' respective positions would have, or should have, been aware. As to Defendants' actions, errors and omissions towards Plaintiff, there was no objectively reasonable reliance on existing law.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20.     At all relevant times, the Board employed DFOs Okeke, Grigsby, and Worth and had the ability to control and direct their conduct as they performed duties in furtherance of the Kansas City, Missouri Police Department's goals.

9

21.     Each of the acts alleged herein against Defendants, were committed by them individually, or their agents, servants, and/or employees, while acting under the color of law with approval and knowledge of their superiors.

22.     On September 28, 2014, Howard Rice was a passenger in his mother's vehicle as they drove East on Truman Road.

23.     Howard Rice's mother was driving at the time.

24.     They were stopped by a Kansas City, Missouri Police ("KCPD") officer at the intersection of Truman Road and Campbell Street at approximately 9:50 a.m.

25.     The KCPD officer pulled Howard Rice and his mother over after running the license plate on Howard Rice's mother's car.

26.     After Howard Rice and his mother was pulled over, it was discovered by the officer that the passenger in the car, Howard Rice, had outstanding warrants for previous traffic violations.

27.     A second KCPD officer arrived on the scene approximately seven (7) minutes later.

28.     Soon after Howard Rice and his mother were stopped, Howard Rice was arrested, handcuffed, and placed in the back of a patrol wagon at approximately 10:00 a.m.

29.     Though at times arguing with the police officers, Howard Rice complied with all of the commands and instructions given by the officers.

30.     Howard Rice never showed physical signs of aggression toward the officers.

31.     Howard Rice never intimidated the officers.

32.     Howard Rice was never charged with any crime for his conduct during his encounter with the KCPD officers during the traffic stop and the arrest.

33.     Howard Rice was then transported to KCPD Headquarters, arriving at approximately 10:10 a.m.

34.     Howard Rice was booked into the jail, and placed in the city tank where he remained for approximately three (3) hours.

35.     Howard Rice was allowed to and eventually did post bond, and began the process of being released.

36.     He was taken out of the cell and into the booking area.

37.     DFO Worth requested Howard Rice's DNA, but Howard Rice refused.

38.     While waiting for his release, DFOs Worth and Okeke demanded his DNA again.

39.     Howard Rice refused for a second time, asking the DFOs why they needed his DNA, and requesting that he be placed back into the cell until someone could explain to him why his DNA was required before he was able to be released.

40.     DFO Worth and Okeke did not provide a justifiable reason for why they were demanding Howard Rice's DNA before he could be released.

41.     While the DFOs were demanding his DNA, Howard Rice did not curse at them, raise his arms in an intimidating or threatening manner, and did not act in a way that put anyone, whether DFOs or inmates, in danger.

42.     Regardless, DFOs Worth, Okeke, and Grigsby converged on Howard Rice, grabbing him and forcefully handcuffing him.

43.     The actions of DFOs Okeke and Grigsby caused Howard Rice great pain as his wrists were twisted.

44.     Howard Rice was then shoved pass the booking counter and down the hall to Cell 206A.

45.     Howard Rice was not fighting the DFOs.

46.     He was not resisting the DFOs.

11

47.     He was not pushing against the DFOs, but was in fact being pushed and dragged down the hallways while still in handcuffs.

48.     When they arrived at the doorway of Cell 206A, Howard Rice began speaking with DFO Grigsby.

49.     As he and DFO Grigsby were speaking, Howard Rice had his back to the doorway of Cell 206A.

50.     Howard Rice did not know that he was going to be held in Cell 206A.

51.     When he was speaking with DFO Grigsby, he did not know what was behind him, let alone that Cell 206A was behind him.

52.     Howard Rice was then pulled into Cell 206A.

53.     As he was being pulled into Cell 206A, DFO Okeke, without cause and without a justifiable reason, performed a hip toss on Howard Rice.

54.     Howard Rice was then violently thrown by DFO Okeke against the tiled wall inside of Cell 206A, hitting his head, and finally landing face first on the concrete floor.

55.     Howard Rice was rendered unconscious.

56.     He was seriously injured as a result of his collision with the wall.

57.     DFOs Okeke and Grigsby quickly closed the door to Cell 206A and left Howard Rice laying on the floor still in his handcuffs.

58.     Howard Rice woke up disoriented and scared after being unconscious, not knowing where he was or how he got into the cell he woke up in.

59.     Howard Rice got up off the floor and began pacing.

60.     DFOs Okeke and Grigsby did not return for over ten minutes.

61.     Upon their return, the KCPD nurse was called but Howard Rice refused to see the nurse, and an ambulance from Truman Medical Center was called.

62.     Once the ambulance arrived, Howard Rice was then placed on the gurney and taken to Truman Medical Center, where he was treated for his injuries.

63.     Howard Rice did not face charges regarding his refusal to provide a DNA sample.

64.     Howard Rice did not face charges regarding his conduct while in the KCPD Detention Unit.

65.     The use of force against Howard Rice was a result of the policy, practice, and custom of the Board to inadequately supervise, train, and discipline law enforcement officers in the use of excessive force.

66.     The inadequate supervision, training, and discipline of law enforcement officers by the Board has led to the unnecessary and illegal use of excessive force.

67.     The policy, practice, and custom of the Board is that when law enforcement officers use excessive force, other officers do not intervene to prevent the use of the illegal force, do not arrest the officer engaging in the illegal activity, and do not report the illegal activity.

68.     The policy, practice, and custom of the Board with respect to the allegations of excessive force reported by citizens, is to conduct a minimal investigation designed to exonerate the officers involved rather than discover the true facts of the incident.

69.     Defendants' investigation concluded that Howard Rice was in response to his alleged resistance and was appropriate.

70.     As a result of the inadequate investigation of the allegations using excessive force, law enforcement officers reasonably conclude that their excessive force will not result in discipline, termination, or criminal prosecution.

71.     The above policies and practices have resulted in a mob-like culture of violence in which the use of excessive force is an accept and customary part of law enforcement work in the City of Kansas City, Missouri.

### COUNT I – 42 U.S.C. § 1983

Unconstitutional Use of Excessive Force
(Against Okeke and Grigsby)

72.     Each of the paragraphs in this Complaint is adopted by reference as if restated fully herein.

73.     The use of force by the Defendants Okeke and Grigsby in seizing Howard Rice was unreasonable under the prevailing circumstances, and thus violated Howard Rice's clearly established right not to be subjected to unreasonable seizures guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

74.     Defendants Okeke's and Grigsby's specific acts were objectively unreasonable.

75.     As the DFOs did not have the statutory authority to demand and obtain Howard Rice's DNA, assaulting, handcuffing, shoving and dragging Howard to Cell 206A was unreasonable.

76.     Howard Rice, having bonded out, was about to be released.

77.     Furthermore, when the DFOs had drug Howard Rice to Cell 206A, DFO Okeke's action of violently throwing Howard Rice against the wall was an unreasonable action in light of Howard Rice's controlled behavior.

78.     Howard Rice posed no threat of harm, let alone risk of serious harm or death, to Defendants Okeke and Grigsby or any other individual.

79.     As described herein, Defendant Okeke's action and inactions resulted in the unauthorized and unreasonable injuries suffered by Howard Rice.

14

80. As a direct and proximate result of the actions of Defendant Okeke and Grigsby, Howard Rice suffered damages, including but not limited to constitutional deprivations, injuries, pain, suffering, and mental anguish.

81. The conduct of Defendants Okeke and Grigsby was outrageous because of their evil motive(s) and/or their reckless indifference to the rights and well-being of Howard Rice and was wrongful without just cause or excuse, and therefore, Howard Rice is entitled to an award of punitive damages against Defendants Okeke and Grigsby.

82. The actions of Defendants Okeke and Grigsby complained of herein naturally arose from the performance of their duties as DFOs and as part of their employment by the Board.

## COUNT II – 42 U.S.C. § 1983

Violative Polices, Practices, Customs, Patterns of Conduct and Procedures
(Against the Board)

83. Each of the paragraphs in this Complaint is adopted by reference as if restated fully herein.

84. The Board had in effect, both before and at the time of the events alleged in this Complaint, policies, practices, patterns of conduct and customs which operated to deprive Howard of his constitutional rights.

85. The Board is liable under 42 U.S.C. 1983 because they established policies and practices that were intended to and did encourage, endorse, and reward their agents and employees for violating the constitutional rights of Howard Rice and other similarly situated persons. At a minimum, the supervisors and the governmental agents were deliberately indifferent to such constitutional violations.

86. The Board engaged in unlawful and unconstitutional policies, practices, patterns of conduct and customs including, but not limited to the following:

15

a. Violation and deprivation of constitutional rights as set out in this Complaint:

b. Inadequate training and instruction of employees on the proper use of police power, proper seizure, proper searches, use of force, and investigation of citizens of the State of Missouri;

c. Inadequate supervision of employees as to the proper use of police power, proper seizure, proper searches, use of force, and investigation of citizens of the state of Missouri;

d. Inadequate discipline of employees as to the proper use of police power, proper seizure, proper searches, use of force, and investigation of citizens of the state of Missouri;

e. Inadequate supervision, training, and retention with resulting poor personnel decisions as to employees regarding the proper use of police power, proper seizure, proper searches, use of force, and investigation of citizens of the state of Missouri;

f. Abuse of police power on citizens of the United States of America;

g. Acquiescence in and notice of the actions and omissions described throughout this Complaint;

h. Failure to take remedial action against a known pattern of misconduct by law enforcement officers, both remedial action as to the law enforcement officers and remedial action as to the underlying criminal case in which the misconduct has occurred;

i. Failure to take significant steps to prevent a known risk of improper search;

j. Taking aggressive law enforcement actions without first having met the standard required by Missouri statutes;

k. Tolerance of misconduct of law enforcement officers and failing to follow up and properly and thoroughly investigate misconduct of law enforcement officers resulting in the unreasonable seizure, wrongful use of force on the citizens of the state of Missouri;

l. Deliberate indifference to, and conscious disregard of, a high risk that law enforcement officers would improperly use more force than is required and improperly use force in violation of Howard Rice's protected rights;

16

m. Inadequate training and instruction of employees charged with the implementation, compliance, and adherence to the statutes of the State Missouri, including but not limited to RSMO 650.050, 650.052, 650.055, and 650.057;

n. Inadequate supervision of employees charged with the implementation, compliance, and adherence to the statutes of the State Missouri, including but not limited to RSMO 650.050, 650.052, 650.055, and 650.057;

o. Inadequate discipline of employees charged with the implementation, compliance, and adherence to the statutes of the State Missouri, including but not limited to RSMO 650.050, 650.052, 650.055, and 650.057;

p. Inadequate supervision, training, and retention with resulting poor personnel decisions as to employees charged with the implementation, compliance, and adherence to the statutes of the State Missouri, including but not limited to RSMO 650.050, 650.052, 650.055, and 650.057;

q. Inadequate training and instruction of employees charged with the supervision, observation and care of detainees and suspects, like Howard Rice, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States;

r. Inadequate supervision of employees charged with the supervision, observation and care of detainees and suspects, like Howard Rice, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States;

s. Inadequate discipline of employees charged with the supervision, observation and care of detainees and suspects, like Howard Rice, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States; and

t. Inadequate supervision, training, and retention with resulting poor personnel decisions as to employees charged with the supervision, observation and care of detainees and suspects, like Howard Rice, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process

of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States.

87.     The Board had acquired, before and during the time periods of the events described herein this Complaint, each of the policies, practices, patterns of conduct and customs listed in this Count.

88.     These interrelated policies, practices, patterns of conduct and customs, separately and together, were intentionally implemented to deprive possible inmates and other targets of criminal investigations of their constitutional rights, or, at the very least, were implemented with a deliberate indifference to the rights of inmates and possible targets of criminal investigation and seizure and were a direct and proximate cause of and a moving force behind the Constitutional violations and injuries, as set forth in this Complaint.

89.     Howard Rice is therefore entitled to monetary relief.

90.     Because the actions were deliberate, reckless, wanton, and/or cruel, punitive damages are justified.

## COUNT III – 42 U.S.C. § 1983

Conspiracy
(Against Defendants Okeke, Grisby, and Worth)

91.     Each of the paragraphs in this Complaint is adopted by reference as if restated fully herein.

92.     Defendants, together and under the color of state law, reached an understanding, engaged in a course of conduct, and otherwise conspired among and between themselves to deprive Howard Rice of his constitutional rights, including his privacy, to be free from unreasonable searches and seizures, to due process of law, to be free from cruel and unusual punishment and all basic rights of American citizens faced with criminal proceedings.  The conspiracies violated

18

Howard Rice's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and 42 U.S.C. 1983.

93.     Defendants named in this Count, together with co-conspirators, committed the overt acts set forth in the factual statements above.  The overt acts involved the demand for DNA and the subsequent actions taken in response to Howard's refusal to surrender his DNA.  Also, Defendants knew or should have known it was not mandatory for Howard Rice to surrender his DNA, but they still demanded it from Howard Rice anyway.  The conspiracy was designed to deprive Howard Rice of his DNA by excessive use of force.

94.     The overt acts are violative of the constitutionally-protected rights of Howard Rice.

95.     The conspiracies and overt acts were continuing in nature and caused Howard Rice constitutional deprivations, injuries, pain, suffering, and mental anguish.

96.     Because the actions were deliberate, reckless, wanton, and/or cruel, punitive damages are justified.

## COUNT IV - MISSOURI COMMON LAW

Assault and Battery
(Against Defendants Okeke and Grisby)

97.     Each of the paragraphs in this Complaint is adopted by reference as if restated fully herein.

98.     On September 28, 2014, Defendants caused severe personal injuries to Howard Rice.

99.     The Board has the right and power to control and direct conduct of the Kansas City, Missouri Police Department and DFOs Okeke and Grigsby in the performance of their duties and in furtherance of department's goals and objectives.

19

100.    During the performance of their duties, and without justification or provocation, Defendants intentionally committed battery during the scope of their employment by striking and pushing Howard Rice's body multiple times, as well as handcuffing and throwing Howard against a tiled wall in Cell 206A.

101.    Defendants' use of force is unlawful, unwarranted, and unjustified.

102.    The Board is vicariously liable for Defendants' tortious conduct committed during the scope of their employment under the doctrine of respondeant superior.

103.    As a direct and proximate consequence of Defendants' conduct as described herein, Howard Rice has suffered damages.

## COUNT V – MISSOURI COMMON LAW

Negligent Infliction of Emotional Distress
(Against All Defendants)

104.    Each of the paragraphs in this Complaint is adopted by reference as if restated fully herein.

105.    Under color of law, Defendants continually and negligently inflicted emotional distress on Howard Rice.

106.    Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on Howard Rice.

107.    Defendants breached their duties.

108.    Howard Rice never interfered with Defendants' obligations under the above described duties.

109.    Howard Rice suffered not only physical symptoms but also mental injuries due to Defendants' breach of duty.

110. Howard Rice was inflicted, is and with a high degree of likelihood will continue to be inflicted, with emotional distress due to the negligence of Defendants.

111. As a direct and proximate result of Defendants' negligent conduct, Howard Rice has suffered, and will continue to suffer, physical symptoms such as severe and continuous pain, shame, anguish, defeat, embarrassment, and humiliation causing damage.

## COUNT VI – MISSOURI COMMON LAW

Intentional Infliction of Emotional Distress
(Against All Defendants)

112. Each of the paragraphs in this Complaint is adopted by reference as if restated fully herein.

113. Under color of law, Defendants continually and negligently inflicted emotional distress on Howard Rice by interfering with his civil rights.

114. Defendants' conduct was extremely outrageous, transcending all possible bounds of human decency, and was utterly intolerable in a civilized community.

115. Defendants' actions were the cause of Howard Rice's distress.

116. Howard Rice is a reasonable man.

117. Emotional distress sustained by Howard Rice was severe in a nature that no reasonable man could be expected to endure.

118. Howard Rice was inflicted, and with a high degree of likelihood will continue to be inflicted, with emotional distress due to the intentional behavior of Defendants.

119. As a direct and proximate result of Defendants' extreme and outrageous conduct, Howard Rice has suffered and with a high degree of likelihood will continue to suffer mental pain, shame, defeat, anguish, humiliation, and other severe emotional trauma causing damages.

## COUNT VII

Punitive Damages
(Against All Defendants)

120.    Each of the paragraphs in this Complaint is adopted by reference as if restated fully herein.

121.    Defendants' conduct as described above was outrageous due to Defendants' evil motive or reckless indifference to the rights of others.

122.    As a direct and proximate result of the intentional acts of Defendants, Howard Rice suffered mental anguish, physical injuries, and other damages.

123.    Howard Rice prays for judgment against Defendants in an amount that is fair and reasonable under the circumstances to punish Defendants and deter Defendants and others from like conduct, together with other such relief that the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment, including interest, against Defendants and respectfully requests the Court enter judgment in favor and against Defendants as follows:

1. Awarding Plaintiff damages according to proof;

2. Awarding Plaintiff any additional damages that he may suffer from the date of this Complaint through the date of trial;

3. Awarding Plaintiff pre-judgment interest;

4. Awarding Plaintiff his costs and attorneys' fees included herein;

5. Awarding Plaintiff compensatory and punitive damages; and

6. Awarding Plaintiff such other relief the Court deems just and proper.

Respectfully submitted,

THE MCCALLISTER LAW FIRM,
A PROFESSIONAL CORPORATION

By:    */s/ Brian F. McCallister*
        Brian F. McCallister   MO 37383
        Andrew D. Ferrell     MO 67468
        917 West 43rd Street
        Kansas City, Missouri 64111-3033
        Telephone:  (816) 931-2229
        Facsimile:  (816) 756-1181
        Email: brian@mccallisterlawfirm.com
                andrew@mccallisterlawfirm.com
        *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial under Federal Rule of Civil Procedure 38(b) on all issues triable to a jury as a matter of right.

*/s/ Brian F. McCallister*

23